**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 17-12781-A-7 |
| DALIP SINGH NIJJAR, | |
|        Debtor. | |
| JAMES E. SALVEN, | Adv. No. 17-1066-A |
|        Plaintiff, | GMJ-6, FW-11 |
|    V. | **MEMORANDUM** |
| VIRPAL K. NIJJAR et al., | |
|        Defendants. | |

Argued and submitted on September 25, 2019

at Fresno, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:   Gabriel J. Waddell and Peter A. Sauer,
Fear Waddell, P.C., for James E. Salven;
David M. Gilmore and Timothy V. Logoluso,
Gilmore Magness Janisse for Virpal Nijjar,
VK Nijjar Farms, LLC, and Nijjar Farms,
Inc.

1    "What is once well done is done forever." Henry David Thoreau.

2    The converse is also true. Acting without counsel, a husband and wife

3    attempted to transmute four parcels of land held as community property

4    into wife's separate property. Eight years later, husband filed

5    Chapter 7 bankruptcy and his trustee asserts a community property

6    interest in those parcels. Having failed to comply with California

7    transmutation rules, wife's real property will be subject to husband's

8    creditors' reach.

9    **I.    FACTS**

10    Dalip Singh Nijjar ("Dalip") and Virpal K. Nijjar ("Virpal")

11    married in 1989.[1]

12    During the marriage, the parties acquired four parcels of real

13    property (10072 East Elkhorn, Laton, California; 11663 South Fowler

14    Avenue, Selma, California; 13283 South Highland Avenue, Selma,

15    California; and 14233 South Highland Avenue, Selma, California) and a

16    business known as "Highland Transport, LLC." The couple's home was

17    located on one of these parcels.

18    In 2007, Dalip and Virpal began contemplating divorce.

19    In 2008, in anticipation of that divorce, Dalip and Virpal

20    negotiated a property settlement. Under that settlement Dalip agreed

21    to transfer all of his interest in the four parcels to Virpal and, in

22    exchange, Virpal transferred her interest in Highland Transport, LLC,

23    to Dalip and pledged one of those parcels to secure a $200,000

24    business loan for Dalip. To effectuate that agreement, Dalip executed

25    and delivered four quitclaim deeds, one for each parcel, to Virpal.

26    Each quitclaim deed recited that "For valuable consideration, receipt

27    ───────────────────────
[1] For clarity the Nijjars are referred to by their first names. The court
intends neither disrespect, nor familiarity.

28

1   of which is hereby acknowledge (sic), Dalip S. Nijjar hereby

2   remise(s), release(s), and forever quitclaim(s) to Virpal K. Nijjar

3   the following real property." Those quitclaim were deeds recorded.

4   Virpal purportedly transferred her interest in Highland Transport,

5   LLC,[2] and encumbered 10072 East Elkhorn, Laton, California, by a deed

6   of trust for $200,000 for Dalip's loan from Fresno Truck Center. No

7   other community property was addressed in this purported property

8   settlement.

9        Later in 2008, Virpal filed a petition for divorce in the State

10  of Nevada. *Nijjar v. Nijjar*, No. CV08-02132 (NV Washoe County 2008).

11  That court granted the Nijjars' divorce and found "[t]hat there are no

12  community property and community debts or obligations that the parties

13  are requested (sic) to be adjudicated by the court." *Id.* at Findings

14  of Fact, Conclusions of Law, Judgment and Decree of Divorce ¶ 6,

15  December 5, 2008.

16  **II.   PROCEDURE**

17       Eight years later, Dalip sought the protections of a Chapter 7

18  bankruptcy. James E. Salven ("Salven") was appointed the trustee.

19       Salven filed an eight-count adversary proceeding. Among the

20  relief sought was a request for declaratory relief under 28 U.S.C. §

21  2201 that "all community property of the marriage of the Debtor and

22  Virpal Nijjar" remains property of the bankruptcy estate. Second

23  Amended Complaint at 38, January 31, 2018, ECF # 151. The second

24  count appears to seek declaratory relief as to two discrete sub-

25  issues: (1) that whatever community property the Nijjars acquired was

26  not transmuted by the pre-divorce settlement and that the Nevada

27  marital dissolution proceeding did not divide the community property,

28  _____

[2] The mechanics of that transfer are not clear from the record.

*Id.* at ¶¶ 143-152 (transmutation/division issues"; and (2) to define

the precise contours of the Nijjars' community property on the date of

Dalip's Chapter 7 bankruptcy, *Id.* at ¶¶ 153-154 ("scope issues").

    Salven and the Nijjar defendants offer cross-motions for summary

judgment on that issue.[3]  Virpal argues that Virpal and Dalip's 2008

property settlement worked a transmutation, changing the four parcels

into her separate property or, in the alternative, that the trustee's

action is barred by a three-year statute of limitations, Cal. Family

Code § 1101, that expired long ago.  Salven disagrees, asserting a

right to all community property, including those properties that the

couple thought they had divided between themselves, a la *Henn v. Henn*,

26 Cal.3d 323, 330 (1980).

## III.  JURISDICTION

    This court has jurisdiction.  28 U.S.C. § 1334(a)-(b); see also

General Order No. 182 of the Eastern District of California.  This

adversary proceeding presents both core and non-core proceedings.  28

U.S.C. § 157(b),(c).  The parties have consented to final orders and

judgments by this court.  Scheduling Order § 2.0, June 1, 2018, ECF #

194.

## IV.  LAW

### A.  Summary Judgment

    Federal Rule of Civil Procedure 56 requires the court to grant

summary judgment on a claim or defense "if the movant shows that there

is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a),

---

[3] Virpal has filed extensive objections to some of the evidence, particularly the declaration of Gurpreet Bhangoo, proffered by Salven.  Objection to Plaintiff's Evidence, August 14, 2019, ECF # 388.  Because the court did not rely on that evidence in ruling on this matter, it need not rule on those objections.

*incorporated by* Fed. R. Civ. P. 56. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (citing *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986)).

"The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor." *Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015) (citing *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001)).

A shifting burden of proof applies to motions for summary judgment. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Id.*

"Where the non-moving party [e.g., a plaintiff] bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* (citation omitted). The Ninth Circuit has explained that the non-moving party's "burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." *Id.* "In fact, the non-moving

1  party must come forth with evidence from which [the factfinder] could

2  reasonably render a verdict in the non-moving party's favor." *Id.*

3     When the moving party has the burden of persuasion at trial

4  (e.g., a plaintiff on claim for relief or a defendant as to an

5  affirmative defense), the moving party's burden at summary judgment is

6  to "establish beyond controversy every essential element of its . . .

7  claim. *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888

8  (9th Cir. 2003) (internal quotation marks omitted).  In such a case,

9  there is no need to disprove the opponent's case "[i]f the evidence

10 offered in support of the motion establishes every essential element

11 of the moving party's claim or [affirmative] defense." Hon. Virginia

12 A. Phillips & Hon. Karen L. Stevenson, *Federal Civil Procedure Before*

13 *Trials*, Calif. & 9th Cir. Edit., Summary Judgment, Burden of Proof ¶

14 14:126.1 (Rutter Group 2019).

15    A party may support or oppose a motion for summary judgment with

16 affidavits or declarations that are "made on personal knowledge" and

17 that "set out facts that would be admissible in evidence."  Fed. R.

18 Civ. P. 56(c)(4).  The assertion "that a fact cannot be or is

19 genuinely disputed" may be also supported by citing to other materials

20 in the record or by "showing that the materials cited do not establish

21 the absence or presence of a genuine dispute, or that an adverse party

22 cannot produce admissible evidence to support the fact."  Fed. R. Civ.

23 P. 56(c)(1).

24    "A motion for summary judgment cannot be defeated by mere

25 conclusory allegations unsupported by factual data."  *Angel v.*

26 *Seattle-First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981) (citing

27 *Marks v. U.S. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978)).

28 "Furthermore, a party cannot manufacture a genuine issue of material

fact merely by making assertions in its legal memoranda." *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982).

**B.    Community Property**

As a rule, property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Community property is included in property of the estate.

> All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is--
>
> (A) under the sole, equal, or joint management and control of the debtor; or
>
> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

11 U.S.C. § 541(a)(2).

Bankruptcy courts look to state law to determine whether a debtor's interest is property under § 541(a) and the nature and extent of the debtor's interest. *Butner v. United States*, 440 U.S. 48, 54 (1979); *In re Coupon Clearing Service, Inc.*, 113 F.3d 1091, 1099 (1997).[4]

"Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Cal. Fam. Code § 760; see also, Cal. Civ. Code § 687; *Marriage of Bonds*, 24 Cal.4th 1, 12 (2000). Property acquired during marriage is presumed to be community property. Cal. Family Code § 760; *Brace v. Speier (In*

---

[4] Salven and Virpal have each argued the application of California law, notwithstanding that the marital dissolution action occurred in Nevada. Following suit, the court also applies California law.

1  *re Brace)*, 566 B.R. 13 (9th Cir. 2017), *rev'd*, *In re Brace*, 900 F.3d

2  531 (9th Cir. 2018) (certifying question of whether presumption of

3  title overcame presumption of community property).

### 1.  Transmutation during marriage

5       The character of community property may be changed during

6  marriage or as a part of a marital dissolution proceeding.  During

7  marriage, spouses may change the character of community property to

8  the separate property of one particular spouse.  Cal. Family Code §

9  850(a).  "A transmutation of real or personal property is not valid

10  unless made in writing by an express declaration that is made, joined

11  in, consented to, or accepted by the spouse whose interest in the

12  property is adversely affected."  Cal. Fam. Code § 852(a); *see also*,

13  Cal. Fam. Code § 1500; *Estate of MacDonald* (1990) 51 Cal.3d 262, 267-

14  268 (1990).  Extrinsic evidence of intent is inadmissible.  *In re*

15  *Marriage of Benson*, 36 Cal.4th 1096, 1106 (2005); *Marriage of*

16  *Campbell*, 74 Cal.App.4th 1058, 1062 (1999).

17       An enforceable transmutation agreement need not use the word

18  "transmutation' or any other particular locution."  *Estate of*

19  *MacDonald*, 51 Cal. 3d at 273."  As the *MacDonald* court stated, "For

20  example, the paragraph signed by decedent here would have been

21  sufficient if it had included an additional sentence reading: "I give

22  to the account holder any interest I have in the funds deposited in

23  this account."  *Id*.  But the use of the word "transfer" alone is

24  insufficient:

25       [U]se of the word "transfer," without more, does not
       satisfy § 852(a) and thus does not effect a transmutation.
26       "[W]hile the term 'transfer' could refer to a change in
       ownership, it does not necessarily do so." [*Marriage of*
27       *Barneson*, *supra*, 69 CA4th at 590-591, 81 CR2d at 731
       (emphasis in original); see also *Marriage of Begian &*
28       *Sarajian* (2018) 31 CA5th 506, 509, 516-518, 242 CR3d 692,

694, 699-701—Trust Transfer Deed purporting to "grant" real property to W and stating said transfer was "gift" deemed invalid transmutation susceptible to at least two different interpretations.

Hogoboom and King, *California Practice Guide-Family Law*, Marital Property, Property Characterization § 8:479.1 (Rutter Group June 2019).

In some instances, California courts have accepted quitclaim deeds as an express declaration under § 852. *Marriage of Haines*, 33 Cal.App.4th 277, 293-294 (1995); *In re Marriage of Mathews*, 133 Cal.App.4th 624 (2005); *In re Marriage of Starr*, 189 Cal.App.4th 277 (2010).

Interspousal property transactions are subject to the fiduciary duty standards in California Family Code § 721.  That section provides:

> **[I]n transactions between themselves, spouses are subject to the general rules governing fiduciary relationships that control the actions of persons occupying confidential relations with each other.** This confidential relationship imposes a duty of the highest good faith and fair dealing on each spouse, and **neither shall take any unfair advantage of the other.** This confidential relationship is a fiduciary relationship subject to the same rights and duties of nonmarital business partners....

Cal. Family Code § 721(b) (emphasis added).

Moreover, a transmutation that unfairly disadvantages one spouse is presumed to be the product of undue influence and is invalid.

> [A] transmutation that unfairly advantages one spouse (or registered domestic partner) over the other is presumed to have been induced by undue influence. **As a result, when the "disadvantaged" party contests the alleged transmutation, the advantaged party has the burden of proving by a preponderance of the evidence that the transaction was not consummated in violation of his or her fiduciary duties (i.e., evidence showing the transaction was freely and voluntarily consummated, with full knowledge of all the facts and a complete understanding of the effect of the transfer).** [*Marriage of Haines*, supra, 33 CA4th at 296-297, 39 CR2d at 685-686; see also *Marriage of Balcof* (2006) 141

CA4th 1509, 1519-1522, 47 CR3d 183, 190-192; *Marriage of Lund* (2009) 174 CA4th 40, 55, 94 CR3d 84, 97

Hogoboom and King, *California Practice Guide-Family Law* at § 8:471.6 (emphasis added).

Transmutation must occur, if at all, prior to the date marital dissolution proceedings begin. *In re Marriage of Dellaria & Blickman-Dellaria,* 172 Cal.App.4th 196, 204 (2009), as modified on denial of reh'g (April 2, 2009).

The burden of proving that the transaction did not violate the fiduciary duty that exits between spouses falls to the advantaged spouse. *Marriage of Haines*, 33 Cal.App.4th at 297; *Marriage of Fossum*, 192 Cal.App.4th 336, 345 (2011). Where, as here, the common law presumption of title (Cal. Evid. Code 662) and community property presumption of undue influence (Cal. Fam. Code § 721(b)) conflict, the presumption of title yields to the presumption of undue influence. *Marriage of Fossum*, 192 Cal.App.4th at 344; *Marriage of Haines*, 33 Cal.App.4th at 300-302. To sustain that burden the advantaged spouse must prove that the other spouse entered into the transaction "freely and voluntarily," "with a full knowledge of all the facts," and "a complete understanding of the effect of the transfer." *Brown v. Canadian Indus. Alcohol Co.*, 209 Cal. 596, 598 (1930); *In re Marriage of Haines*, 33 Cal. App. 4th at 296.

   **2.    Division of community property as a part of marital dissolution proceedings**

There are three methods by which community property may be divided as part of a marital dissolution proceedings: oral stipulation in open court, written stipulation or decree of the family court.

Except upon the **written agreement of the parties**, or on

10

**oral stipulation of the parties in open court,** or as otherwise provided in this division, **in a proceeding for dissolution of marriage or for legal separation of the parties, the court shall,** either in its judgment of dissolution of the marriage, in its judgment of legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, **divide the community estate of the parties equally.**

Cal. Family Code § 2550 (emphasis added).

Moreover, the Family Court retains jurisdiction to adjudicate undivided community property. "In a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court has continuing jurisdiction to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding." Cal. Family Code § 2556; *see also* Hogoboom and King, California Practice Guide-Family Law at § 8:1513. Long-standing precedent makes clear that a dissolution judgment does "not affect the disposition of community property as to which the judgment is silent." *Marriage of Huntley*, 10 Cal.App.5th 1053, 1059-60 (2017); *see also*, *Henn v. Henn*, 26 Cal.3d 323, 330 (1980). Division may be accomplished in the marital dissolution action by motion or otherwise by separate action. *In re Marriage of Moore & Ferrie*, 14 Cal. App. 4th 1472, 1483 n. 9 (1993).

As a rule, only parties to the marital dissolution proceeding may file a motion under § 2550. *Marriage of Braendle*, 46 Cal.App.4th 1037, 1043 (1996). But this court finds that the trustee, who succeeds to all legal and equitable interests held by Dalip on the petition date could bring a separate action. 11 U.S.C. § 541(a)(1); *Henn*, 26 Cal.3d at 330 (authorizing recovery by separate action).

**V.    DISCUSSION**

   **A.    Transmutation/Division of Community Property**

       Salven's second count for a declaration is that "all community property" of the Nijjar marriage is property of the estate.  Second Amended Complaint ¶¶ 143-54 & prayer, January 31, 2018, ECF # 151. That includes the Nijjars' real properties and personal properties. Id.  The Nijjar defendants' suggestion that the second count includes only the four real properties subject to the quitclaim deeds mis-read the Second Amended Complaint.

       **1.    Four Real Properties**

       Because Dalip alienated four parcels of real property he is the disadvantaged spouse.  Cal. Fam. Code § 721(b).  As the estate representative, Salven stands in Dalip's shoes and argues his position (notwithstanding Dali's preference that Salven not do so).  11 U.S.C. §§ 323, 541(a).  As a consequence, Virpal has the burden of showing that Dalip entered into the transaction "freely and voluntarily," "with a full knowledge of all the facts," and "a complete understanding of the effect of the transfer." *Brown v. Canadian Indus. Alcohol Co.*, 209 Cal. at 598 (1930); *In re Marriage of Haines*, 33 Cal. App. 4th at 296.

        As the party favored by the presumption of undue influence, Salven needs to do nothing more than point to the four quitclaim deeds and the presumption of § 721(b), shifting the burden of proof on the issue to Virpal.  Virpal's best evidence is her own declaration and the declaration of Dalip.  She declared:

>       I believe at that time that the division of our community
>       property assets was fair and equitable upon the value of
>       the assets and encumbrances and consistent with our elders'
>       advice.  No undue pressure or influence was exerted over me
>       or by me against Dalip relating to the community property

decision.  The decision was freely made and voluntarily executed.

Virpal K. Nijjar decl. ¶ 6, July 17, 2019, ECF # 355.

After reciting the terms of the property settlement, Dalip declared: "I believed at the time that the division of our community property assets was a fair and equitable division based on the value of the assets and encumbrances and consistent with our elders' advice."  Dalip S. Nijjar decl. ¶ 6, July 17, 2019, ECF # 357. It also stated, "I transferred, via Quitclaim Deeds, the parcels freely and voluntarily with no reservation." *Id.* at ¶ 7.  Dalip's decision to enter into a property settlement with Virpal was free and voluntary. But Virpal has offered this court no evidence that she moved forward "with a full knowledge of all the facts," and "a complete understanding of the effect of the transfer." *Brown*, 209 Cal. at 598; *In re Marriage of Haines*, 33 Cal. App. 4th at 296.  That Dalip consulted with the "elders" of his community does not demonstrate that he had "full knowledge of the facts" or had "a complete understanding of the effect of the transfer."  Nor does it give rise to a competing inference of knowledge or understanding of effect.  That is true because there is no evidence that the "elders" themselves had such knowledge and understanding or that they communicated that specific information to Dalip.  As a consequence, the presumption of undue influence, Cal. Fam. Code § 721, has not been rebutted and Salven's motion for summary judgment will be granted as to 10072 East Elkhorn, Laton, California; 11663 South Fowler Avenue, Selma, California; 13283 South Highland Avenue, Selma, California; and 14233 South Highland Avenue, Selma, California.

**2.   All Other Community Property**

During a marital dissolution action, property may only be divided
by written stipulation, oral stipulation offered in court or decree.
Cal. Fam. Code § 2550.  None of those occurred here.  As a
consequence, any unresolved community property remained community
property.  *Marriage of Huntley*, 10 Cal.App.5th at 1059-60; *Henn*, 26
Cal.3d at 330.  Dalip and Virpal made one, and only one, effort to
divide their community property prior to the marital dissolution
action.  And this court has just ruled that effort was ineffectual.
As a consequence, property owned by Dalip and Virpal remained
community property.

**3.   Statute of Limitations**

California law provides the rule of decision for a transmutation
brought in violation of the fiduciary duty rules.

(a) **A spouse has a claim against the other spouse for any
breach of the fiduciary duty that results in impairment to
the claimant spouse's present undivided one-half interest
in the community estate**, including, but not limited to, a
single transaction or a pattern or series of transactions,
which transaction or transactions have caused or will cause
a detrimental impact to the claimant spouse's undivided
one-half interest in the community estate.

(b) **A court** may order an accounting of the property and
obligations of the parties to a marriage and **may determine
the rights of ownership in, the beneficial enjoyment of, or
access to, community property, and the classification of
all property of the parties to a marriage.**

(d)(1) **Except as provided in paragraph (2), any action
under subdivision (a) shall be commenced within three years
of the date a petitioning spouse had actual knowledge that
the transaction or event for which the remedy is being
sought occurred.**

(2) **An action may be commenced under this section upon the
death of a spouse or in conjunction with an action** for
legal separation, **dissolution of marriage**, or nullity
**without regard to the time limitations set forth in
paragraph (1).**

14

(3) The defense of laches may be raised in any action
brought under this section.

The trustee's action is in the manner of *Henn v. Henn*, 26 Cal.3d 323, 330 (1980), and falls within California Family Law § 1101(d)(2).  *See Patrick v. Alacer Corp.*, 201 CA4th 1326, 1337 fn. 4 (2011); *Yeh v. Tai*, 18 Cal.App.5th 953, 957 (2017).  No statute of limitations applies; actions may be barred by laches.[5]  As a consequence, the action is not time barred.

**B.    Scope of Community Property**

Plaintiff's request to trace community property assets into other real properties, e.g., 8373 Saginaw property, 8610 Saginaw property, Floral property, Mountain View property and Conejo property will be denied on procedural grounds.

First, a motion must state the legal basis for relief.  Fed. R. Bankr. P. 9013 ("The motion shall state with particularity the grounds therefor...").  Local Bankruptcy Rules provide:

> **The** application, **motion**, contested matter, or other request for relief shall set forth the relief or order sought and **shall state with particularity the** factual and **legal grounds therefor. Legal grounds for the relief sought means citation to the statute, rule, case, or common law doctrine that forms the basis of the moving party's request but does not include a discussion of those authorities or argument for their applicability.**

LBR 9014-1(d)(3)(A)(emphasis added).

Salven has not set forth the legal grounds for his motion.  See, Motion, July 17, 2019, ECF # 362; Memorandum of Points & Authorities, July 17, 2019, ECF # 365.

Second, Rule 10(b) limits the different theories a party may bundle into a single count.

A party must state its claims or defenses in numbered

---

[5] Virpal has not so argued here.

paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. **If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.**

Fed. R. Civ. P. 10(b), *incorporated by* Fed. R. Bankr. P. 7010 (emphasis added).

While such an issue is ordinarily raised at the pleading stage, it need not be. Fed. R. Civ. P. 12(e), *incorporated by* Fed. R. Bankr. P. 7012. Amalgamating the transmission/division issue and the scope of community property issues, including the tracing of community property to 8373 Saginaw, 8610 Saginaw, Floral, Mountain View and Conejo, coupled with a lack of argument on the issue, has made ruling on this aspect of the motion extraordinarily confused. As a result, the court will deny without prejudice any request to define the scope of community property, except as to 10072 East Elkhorn, Laton, California; 11663 South Fowler Avenue, Selma, California; 13283 South Highland Avenue, Selma, California; and 14233 South Highland Avenue, Selma, California, and a business known as Highland Transport, LLC.

**VI. CONCLUSIONS**

As to the second count, the court finds that (1) no transmutation of community property occurred; (2) community property was not divided as a part of the Nevada divorce proceedings; (3) any property that was community property of the marriage remains so; and (4) community property of the marriage includes (A) 10072 East Elkhorn, Laton, California; (B) 11663 South Fowler Avenue, Selma, California; (C) 13283 South Highland Avenue, Selma, California; (D) 14233 South Highland Avenue, Selma, California, and (E) Highland Transport, LLC, was, and is, community property and part of the estate.

16

1        Salven's motion for summary judgment will be granted in part and

2  denied without prejudice in part.  Fed. R. Civ. P. 56(g), *incorporated*

3  *by* Fed. R. Civ. P. 7010.  Virpal's motion for summary judgment will be

4  denied. The court will issue an order from chambers.

5   **Dated:** Mar 27, 2020

                                **Fredrick E. Clement**
                                **United States Bankruptcy Judge**

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| All Attorneys for Plaintiff(s) | All Attorneys for the Defendant(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>2500 Tulare St, Ste 1401<br>Fresno, CA 93721 |